**IN THE COURT OF APPEALS OF IOWA**

No. 16-0215
Filed December 21, 2016

**KUNTE KINTE MCKINNEY,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Johnson County, Kevin McKeever,

Judge.


　　　Kunte Kinte McKinney appeals the district court's dismissal of his

postconviction relief application.  **AFFIRMED.**



　　　David A. Cmelik of David A. Cmelik Law P.L.C., Hiawatha, for appellant.

　　　Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee State.



　　　Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

In 2008, Kunte Kinte McKinney pled guilty to lascivious acts with a child. Six years later, he filed a postconviction relief application challenging the district court's discussion of a lifetime parole requirement during the plea proceeding. The State moved for summary disposition of the application on statute of limitations grounds. The postconviction court granted the motion and dismissed the application. McKinney appealed.

Postconviction relief applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2015). "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* McKinney's conviction became final in 2008. Accordingly, his postconviction application was untimely.

We turn to the statutory exception to the time bar. *See id.* On this score, the postconviction court stated:

> The relevant question in the instant case is whether or not the applicant's claim could have been raised within the three years required by Iowa Code [section] 822.3. The Court finds that it could have been. The applicant does not claim that he failed to assert his claims regarding the special sentence because such claims were unavailable. The applicant does not claim that there has been some newly discovered evidence in this case or a change of law that would affect the validity of his conviction. He simply states that he was not properly informed regarding the special sentence. The applicant was informed of the existence of the special sentence at the time of sentencing. Therefore, if he felt that he was not adequately informed of the consequences of the special sentence, he could have raised this claim within the specified time requirements of Iowa Code [s]ection 822.3.

We discern no error in this reasoning. McKinney could have challenged his plea within the limitations period. He did not. As for his present request to toll the limitations period until the problem was discovered, we have previously denied a similar request to adopt a discovery rule. *See Mendoza v. State*, No. 11-1383, 2012 WL 3027125, at *2-3 (Iowa Ct. App. July 25, 2012). We are persuaded by the reasoning of *Mendoza*.

We affirm the dismissal of McKinney's postconviction relief application.

**AFFIRMED.**